IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> MOTOROLA MOBILITY LLC <br><br> Defendant. | Case No: <br><br> **PATENT CASE** |

## COMPLAINT

Plaintiff Rothschild Connected Devices Innovations, LLC ("Plaintiff" or "RCDI") files this Complaint against Motorola Mobility LLC ("Defendant" or "Motorola") for infringement of United States Patent Nos. 7,899,713 ("the '713 Patent") and 8,788,090 ("the '090 Patent").

## PARTIES AND JURISDICTION

1. This is an action for patent infringement under Title 35 of the United States Code. Plaintiff is seeking injunctive relief as well as damages.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents) because this is a civil action for patent infringement arising under the United States patent statutes.

3. Plaintiff is a Texas limited liability company with its principal office located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

4. On information and belief, Defendant is a Delaware corporation with a principal place of business at 600 N. U.S. Highway 45, Libertyville, Illinois 60048.

5. On information and belief, this Court has personal jurisdiction over Defendant

because Defendant has committed, and continues to commit, acts of infringement in the state of Texas, has conducted business in the state of Texas, and/or has engaged in continuous and systematic activities in the state of Texas.

6. On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in the Eastern District of Texas.

## VENUE

7. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391(c) and 1400(b) because Defendant is deemed to reside in this district. In addition, and in the alternative, Defendant has committed acts of infringement in this District.

## COUNT I
## (INFRINGEMENT OF UNITED STATES PATENT NO. 7,899,713)

8. Plaintiff incorporates paragraphs 1 through 7 herein by reference.

9. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, *et seq*.

10. Plaintiff is the owner by assignment of the '713 Patent with sole rights to enforce the '713 Patent and sue infringers.

11. A copy of the '713 Patent, titled "System and Method for Creating a Personalized Consumer Product," is attached hereto as Exhibit A.

12. The '713 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

13. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least claim 16, of the '713 Patent by making, using, importing, selling, and/or offering for sale customizable smart watches covered by one or more

claims of the '713 Patent. Defendant has infringed and continues to infringe the '713 patent in violation of 35 U.S.C. § 271.

14. Defendant sells, offers to sell, and/or uses systems, including, without limitation, smart watches trackers, such as the Moto 360 and associated Android Wear app ("Product"), and any similar devices and apps, which infringe at least Claim 16 of the '713 Patent. The Product allows a user to remotely customize the operation of various functions and appearances of the Product as well as customizing watch applications and watch faces.

15. On information and belief, the Product includes a remote server including a database storing product preferences (e.g., watch functions, applications, and watch faces) of a predetermined product (e.g., Moto 360 smartwatch) for at least one user (e.g., a user must sign into their Motorola account using their account credentials via a smartphone paired with Moto 360).

16. On information and belief, the Product utlizes a terminal (e.g., a smartphone or tablet) for transmitting an identity of at least one user to the remote server (e.g. Motorola server) (e.g., a user must log in to the Motorola app using their log in credentials) and for receiving the product preference (e.g., watch functions, applications, and watch faces) of the at least one user (e.g., preferences are linked to a user account) from the server.

17. The System includes a communication network (e.g., Internet) for coupling the remote server (e.g., Motorola server) and the terminal (e.g., smartphone).

18. The System includes a first communication module (e.g., Bluetooth wireless module and/or WiFi transmitter) within the product (e.g., smart watch) and in communication with the terminal (e.g., smartphone).

19. On information and belief, the server receives the identity of the product (e.g.,

smart watch) and the identity of the user (e.g., a user is identified by their account, and the product is identified via the product registration linked to the user account).  On information and belief, the server also retrieves the product preferences (e.g., watch functions, applications, and watch faces) from a database based on the identity of the predetermined product and the identity of the at least one user (e.g., the server will retrieve watch functions, applications, and watch faces specific to the registered product linked to the user's account) and transmit the product preferences to the first communication module (e.g. the Bluetooth module and/or WiFi module in the smart watch) via the terminal (e.g., the paired smartphone or tablet).

20. Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

21. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

22. Plaintiff is in compliance with 35 U.S.C. § 287.

## COUNT II
## (INFRINGEMENT OF UNITED STATES PATENT NO. 8,788,090)

23. Plaintiff incorporates paragraphs 1 through 22 herein by reference.

24. This cause of action arises under the patent laws of the United States and, in particular, under 35 U.S.C. §§ 271, et seq.

25. Plaintiff is the owner by assignment of the '090 Patent with sole rights to enforce the '090 Patent and sue infringers.

26. A copy of the '090 Patent, titled "System and Method for Creating a Personalized Consumer Product," is attached hereto as Exhibit B.

27. The '090 Patent is valid, enforceable, and was duly issued in full compliance

with Title 35 of the United States Code.

28.     Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least claim 1, of the '090 Patent by making, using, importing, selling, and/or offering for sale customizable smart watches covered by one or more claims of the '090 Patent. Defendant has infringed and continues to infringe the '090 patent in violation of 35 U.S.C. § 271.

29.     Defendant sells, offers to sell, and/or uses systems, including, without limitation, smart appliances, such as the Moto 360 and associated Android Wear app ("Product"), and any similar devices and apps, which infringe at least Claim 1 of the '090 Patent.  The Product allows a user to remotely customize the operation of various functions and appearances of the Product as well as customizing watch applications and watch faces.

30.     On information and belief, the Product includes a remote server including a database storing product preferences (e.g., watch functions, applications, and watch faces) of a predetermined product (e.g., Moto 360 smartwatch) for at least one user (e.g., a user must sign into their Motorola account using their account credentials via a smartphone paired with Moto 360).

31.     The System includes a first communication module (e.g., Bluetooth wireless module and/or WiFi transmitter) within the product (e.g., smart watch) that communicates with the remote server (e.g., Motorola sever).

32.     On information and belief, the server receives the identity of the product (e.g., smart watch) and the identity of the user (e.g. a user is identified by their account, and the product is identified via the product registration linked to the user account).  On information and belief, the server also retrieves the product preferences (e.g., watch functions, applications,

and watch faces) from a database based on the identity of the predetermined product and the identity of the at least one user (e.g., the server will retrieve watch functions, applications, and watch faces specific to the registered product linked to the user's account) and transmit the product preferences to the first communication module (e.g. the Bluetooth module and/or WiFi module in the smart watch) via the terminal (e.g., the paired smartphone or tablet).

33. Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

34. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

35. Plaintiff is in compliance with 35 U.S.C. § 287.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all causes of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receive notice of the order from further infringement of United States Patent Nos. 7,899,713 and 8,788,090 (or, in the alternative, awarding Plaintiff a running royalty from the time of judgment going forward);

(c) Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff pre-judgment and post-judgment interest and costs; and

(e) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

Dated: February 24, 2017    Respectfully submitted,

*/s/ Jay Johnson*
**JAY JOHNSON**
State Bar No. 24067322
**BRAD KIZZIA**
State Bar No. 11547550
**KIZZIA JOHNSON PLLC**
1910 Pacific Ave., Suite 13000
Dallas, Texas 75201
(214) 451-0164
Fax: (214) 451-0165
jay@kjpllc.com
bkizzia@kjpllc.com

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A

# EXHIBIT B